JOEL P. GUMBINER (State Bar No. 111586)
GORDON D. McAULEY (State Bar No. 99932)
WILLIAMS & GUMBINER LLP
1010 B Street, Suite 200
San Rafael, CA 94901
Phone: (415) 755-1880
Jgumbiner@williamsgumbiner.com
Gmcauley@williamsgumbiner.com

Attorneys for Plaintiff
Alice Forestiere

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALICE FORESTIERE,

    Plaintiff,

vs.

WELTHER OAKS, LLC, and ALI BAZZI,
Defendants.

Case No.

**COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS; INTERSTATE WIRE FRAUD; INTERSTATE MAIL FRAUD**

    Plaintiff Alice Forestiere ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is bas upon, among other things, her counsel's investigation, which includes, among other things, (a) review and analysis of all correspondence and contracts transmitted between the parties, and (b) a review of the U.S. Securities and Exchange Commission website.

## NATURE OF ACTION AND OVERVIEW

    1.    Plaintiff is a single woman, 68-year old woman living in Novato, California in Marin County. Defendants operate out of Detroit Michigan and purpose to invest customer's money in currencies and securities internationally.

2.      This is a private enforcement action on behalf of Plaintiff who purchased $10,000 in securities from Defendants Welther Oaks, LLC, and Ali Bazzi, on about December 17, 2019.

3.      On information and belief Defendants, and each of them, were investment companies, selling investments across state lines, subject to regulation under the U.S. Securities and Exchange Commission. The actions of Defendants, and each of them, asserted herein are express violations of financial regulations and statutes intended to protect persons such as Plaintiff.

4.      On or about December 17, 2019, Defendants enticed Plaintiff to invest $10,000 with Defendants. Both verbally and in a draft agreement, defendants sent to plaintiff, defendants promised "annual returns of $700 per month, or $20%, whichever is greater ." Defendants represented to Plaintiff that Defendants were complying with all of the applicable securities rules.

5.      Based on the representations made to Plaintiff in the Agreement, and during emails and phone conversations, Plaintiff invested with Defendants $10,000 on December 17, 2019. Since that initial investment date of December 17, 2019, until the present, Defendants, and each of them, continued to represent to plaintiff that her investments have made a remarkable investment return. On or about February 26, 2020, Defendants advised Plaintiff the value of her investment was $14,000. No statements or accountings have ever been provided.

6.      Since February until the present, Plaintiff requested updates on the value and status of her investment. Defendants refused to respond to those requests, other than to continually represent that her investment was earning the promised returns.

7.      On May 5, 2020, plaintiff's counsel wrote a letter to Defendants to close Plaintiff's account, and to demand immediate payment of the $14,000 balance.

8.      Since receiving the May 5 letter, defendants made several unkept promises to close the account, return the funds, offering several unlikely excuses for their continuing failure to comply with those promises. Despite a promise that the account was closed, and the funds would be wired to plaintiffs' account with a statement, defendants have still not provided either.

9.      As a result of Defendants wrongful acts and omissions, as described above, and others subject to additional discovery, plaintiff has suffered significant losses and damages.

## JURISDICTION AND VENUE

9. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. 78aa).

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and Section 27 of the Exchange Act (15 U.S.C. §1578aa(c)). Substantial actions in furtherance of the alleged fraud or the effects of the fraud have occurred in Marin County, California, in this Judicial District. The contract and subject transactions originated in this Judicial District.

## FIRST CAUSE OF ACTION

### Violation of Section 10(b) of The Exchange Act

12 Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

13. In luring Plaintiff into the investment scheme culminating in Plaintiff's $10,000 payment to Defendants on or about December 17, 2019, Defendants carried out a plan, scheme, and course of conduct which was intended to and, did, (i) deceive the investing public, including plaintiff, as alleged herein and, (ii) caused Plaintiff to purchase Defendants' securities without any intention of Defendants ever to return the investment, or any profits made therefrom.

14. Defendants, to fraudulently encourage Plaintiff's investment in Defendant's bogus securities, (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material fact necessary to make the statements not misleading; and (iii) engaged in act, practices, and a course of business which operated as a fraud upon the purchasers of the Defendant's securities in an effort to defraud Plaintiff, with no intention of fulfilling Defendants' many promises to Plaintiff regarding the security and profitability of the investments. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged herein.

15. Defendants directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engage and participated in a continuous course of conduct to conceal adverse material information about the fraudulent investments Defendants sold to Plaintiff.

16. Defendants had actual knowledge of the misrepresentations and/or omissions of material fact set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Defendant's actual intention of defrauding Plaintiff.

17. Had Plaintiff known the true facts concerning Defendants' investment scheme, plaintiff would not have investment in Defendants' fraudulent investment products.

18. By virtue of the foregoing, Defendants have violated Section 10(b) of the exchange Act and Rule 10b-5 promulgated thereunder.

19. As a direct result of the Plaintiff suffered damages in connection with her purchase of Defendants' securities.

## SECOND CAUSE OF ACTION

### Violation of Section 20(a) of the Exchange Act

20. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

21. The individual defendants acted as controlling person of Defendant WELTHER OAKS, LLC, within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the company's operations and/or intimate knowledge of the false financial statements filed by the company with the SEC and disseminated to the investing public, the Defendants had the power to influence and control, and did influence and control, the decision making of the Company, including the content and dissemination of the various statements with Plaintiff contends are false and misleading. The Defendants were provided with unlimited access to the copies of the company's reports, press release, public filings and other statements alleged

1 by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the
2 ability to prevent the issuance of the statements or cause the statements to be corrected.

3     22.    As set forth above, Defendants each violated Section 10(b) and 10b-5 by their acts
4 and/or omissions as alleged in this Complaint. By virtue of their positions as controlling persons,
5 the defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and
6 proximate result of Defendants' wrongful conduct Plaintiff suffered damages in connection with
7 her purchase of the Defendants' securities.

## THIRD CAUSE OF ACTION

### Interstate Wire Fraud (18 U.S.C. §1343)

23.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

24.    In conducting its sales activities with Plaintiff, Defendants, and each of them: (1) voluntarily and intentionally devised or participated in a scheme to defraud Plaintiff; (2) Defendants did so with the intent to defraud; (3) that it was reasonably foreseeable that interstate wire communications would be used; and (4) that interstate wire communications were in fact used.

25.    As a direct result of Defendant's fraudulent schemes and use of interstate telephone calls with Plaintiff to further those schemes to defraud, Plaintiff has been damaged as set forth below.

## FORTH CAUSE OF ACTION

### Interstate Mail Fraud (18 U.S.C. § 1341)

26.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

27.    In conducting its sales activities with Plaintiff, Defendants, and each of them: (1) voluntarily and intentionally devised or participated in a scheme to defraud Plaintiff; (2) Defendants did so with the intent to defraud; (3) that it was reasonably foreseeable that interstate wire communications would be used; and (4) that Defendants used interstate mail or postal services to further those schemes to defraud Plaintiff.

28.     As a direct result of Defendant's fraudulent schemes and use of interstate mail or postal services with Plaintiff to further those schemes to defraud, Plaintiff has been damaged as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a)     Awarding compensatory damages in favor of Plaintiff against all defendants, jointly and severally for all damages sustained as a result of Defendants' wrongful acts, in an amount to be proven at trial, including interest thereon;

(b)     Awarding punitive damages to Plaintiff against all Defendants for their fraudulent acts;

(c)     Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

DATED:     May 27, 2020                    WILLIAMS & GUMBINER LLP

_____
Joel Gumbiner
Gordon McAuley
Attorneys for Plaintiff
Alice Forestiere

G:\CLIENT DOCUMENTS\Forestiere, Alice\Pleadings\Complaints and Answers\2020-05-13 Complaint.doc